IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO E. ORTIZ,       )<br>                              )<br>           Petitioner,       )<br>                              )<br>     v.                       )<br>                              )<br>JOE MCGRATH, Warden,          )<br>                              )<br>           Respondent.       )<br>_____) | No. C 03-5731 MMC (PR)<br><br>**ORDER DENYING PETITION<br>FOR WRIT OF HABEAS<br>CORPUS** |

On December 18, 2003, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 23, 2004, the Court ordered respondent to show cause why the petition should not be granted based on petitioner's cognizable claims for relief. On October 22, 2004, respondent filed an answer and memorandum in support thereof. Petitioner did not file a traverse.

**FACTUAL BACKGROUND**

The instant petition arises out of petitioner's conviction for an attack on correctional officer Robert Allen ("Officer Allen") at Salinas Valley State Prison on May 17, 1999 .[1] On

---

[1] The following facts are taken from the California Court of Appeal's decision on petitioner's direct appeal (Resp.'s Ex. C), Officer Allen's statement at petitioner's sentencing (Reporter's Transcript ("RT") (attached as Resp.'s Ex. A) at 1259, and the prosecution's brief in response to petitioner's motion to strike a prior "strike"conviction (Clerk's Transcript ("CT") (attached as Resp.'s Ex. B) at 47-48).

1

that date, petitioner was serving a life sentence for murder. Petitioner first attacked Officer Allen from behind with an inmate-manufactured weapon. The weapon, referred to as a "shank," was fashioned from a piece of metal with a sharpened edge, partially wrapped in a torn bed sheet for a handle and protruding approximately three inches. Petitioner stabbed Officer Allen in the right kidney. As Officer Allen turned to defend himself, he saw petitioner holding the weapon, at which time petitioner stabbed him three times in the right arm. Officer Allen activated his personal alarm and prison staff arrived shortly thereafter. Officer Allen was treated for his injuries both at the prison and at a local hospital.

## PROCEDURAL BACKGROUND

On November 23, 1999, in Monterey County Superior Court, petitioner was charged with aggravated assault by a life prisoner. See Cal. Penal Code § 4500. In December 1999, Arlene Allan ("Allan") was appointed as counsel to represent petitioner. On February 4, 2000, a felony information was filed against petitioner, alleging the assault on Officer Allen, as well as a prior "strike" conviction and prior prison term. See Cal. Penal Code §§ 1170.12 (c)(1), 667.5(b)). At his arraignment on February 9, 2000, petitioner entered a plea of not guilty. The court set a trial date of March 27, 2000; on March 16, 2000 the trial date was moved to May 1, 2000, after petitioner sought and was granted a continuance.

On April 25, 2000, petitioner filed a second motion to continue the trial date, specifically, for purposes of testing blood found on "clothing evidence, the alleged weapon and Officer Allen's PR-24 night stick." (CT at 20.) The trial court heard and denied the motion on April 28, 2000. (RT at 8.) On May 1, 2000, the day trial was scheduled to begin, petitioner withdrew his not guilty plea and entered a plea of no contest. (CT at 27.)

Thereafter, on May 31, 2000, petitioner filed two separate pro se motions: a Marsden motion to obtain new counsel, see People v. Marsden, 2 Cal. 3d 118 (1970); Cal. Penal Code § 686, and a motion to withdraw his no contest plea. On July 7, 2000, the trial court conducted an in camera hearing on petitioner's motion to substitute counsel, at which both petitioner and his counsel testified. (RT at 502-15.) Petitioner argued that his attorney was ineffective in failing to have the blood found on the physical evidence tested, and further

asserted he and his attorney had a "conflict of interest." (Id. at 505.) The trial court concluded there was no deficiency in Allan's representation of petitioner, and that there was no "conflict of interest." (Id. at 515.) Also on July 7, the trial court considered petitioner's motion to withdraw his plea, but continued the matter to afford the parties an opportunity to brief the issue. (RT at 528-29.) On September 12, 2000, the court heard the motion to withdraw, with both parties submitting the issue on their respective papers; the motion was denied. (Id. at 1254-55.) The court also denied petitioner's motion to strike his prior "strike," and sentenced him to the maximum term of eighteen years to life in state prison. (Id. at 1262-63.)

Petitioner filed a direct appeal to the California Court of Appeal, arguing he was deprived of his constitutional right to effective assistance of counsel with respect to his motion to withdraw his no contest plea. In an opinion dated September 17, 2002, the Court of Appeal found no error and affirmed the judgment and sentence. The California Supreme Court thereafter denied review. Petitioner subsequently filed habeas petitions in the Monterey County Superior Court, the California Court of Appeal, and the California Supreme Court, all of which petitions were summarily denied.

**DISCUSSION**

A. Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28

U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  A federal court must presume the correctness of the state court's factual findings.  28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to" Supreme Court authority only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  Williams, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.  On habeas review, a federal court may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  Id. at 411.  Rather, to support the writ, the application must have been "objectively unreasonable" Id. at 409.

B.    Petitioner's Claims

   1.    Trial Court's Denial of Motion to Continue

In his first claim, petitioner asserts the trial court erred in denying his second motion to continue, filed April 25, 2000.  Because petitioner subsequently entered a plea of no contest, however, he is not entitled to relief on this claim.  A defendant who pleads guilty or no contest cannot later raise in federal habeas proceedings independent claims relating to the deprivation of constitutional rights that occurred before entry of such plea.  See Haring v. Prosise, 462 U.S. 306, 319-320 (1983); Tollett v. Henderson, 411 U.S. 258, 266-67 (1973); Cal. Pen. Code § 1016  ("A plea of nolo contendere shall be considered the same as a plea of guilty. . . .The legal effect of such a plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes."); see also Ortberg v. Moody, 961 F.3d 135, 137-38 (9th Cir. 1992) (applying Tollett to no contest plea).  The only challenges left open in federal habeas proceedings after a plea of guilty or no contest are to the voluntary and intelligent character of the plea and to the nature of the advice of counsel to so plead.  Hill v. Lockhart, 474 U.S. 52, 56-57 (1985); Tollett, 411 U.S. at 267.  Moreover, a defendant who

4

enters a guilty or no contest plea on the advice of counsel, as did petitioner herein, may only attack the voluntary and intelligent character of that plea by showing the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. See Hill, 474 U.S. at 56; Tollett, 411 U.S. at 267; see also United States v. Signori, 844 F.2d 635, 638 (9th Cir. 1988). In his first claim, petitioner does not challenge his attorney's advice that he plead no contest, but rather challenges a ruling made by the trial court prior to entry of that plea.

Accordingly, petitioner is not entitled to habeas relief on his first claim.

2.     Ineffective Assistance of Counsel

In his second claim, petitioner argues he was deprived of effective assistance of counsel when his lawyer failed to use "due diligence" in testing the type of blood found on Officer Allen's clothing, Officer Allen's nightstick, and the weapon used to stab him. As discussed above, the only challenge available to petitioner is to his counsel's advice to enter a plea of no contest. See Hill, 474 U.S. at 56. In his second claim, petitioner does not expressly challenge his counsel's advice to plead no contest, nor does he link to such advice counsel's failure to have the blood tested. In connection with the last claim in the petition, however, petitioner argues that because trial counsel had not prepared for trial by testing the blood, petitioner "was forced" to agree to plead no contest. (Pet'n at 29-30.) As federal courts have a duty to liberally construe pro se petitions for writs of habeas corpus, see Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001), the Court will construe petitioner's second claim as including an assertion that his counsel would not have advised him to plead no contest, and petitioner would not have agreed to do so, had counsel tested the blood on the physical evidence.

In order to demonstrate counsel's advice to plead no contest amounted to a violation of his Sixth Amendment right to the effective assistance of counsel, petitioner must satisfy the two-part standard of Strickland v. Washington, 466 U.S. 668, 687 (1984). Petitioner first must show counsel's advice to so plead was objectively unreasonable and, second, that a reasonable probability exists that, but for counsel's errors, he would not have pled no contest

5

and would have insisted on going to trial. See Hill, 474 U.S. at 57-59. Where, as here, counsel's alleged error is a failure to investigate or discover potentially exculpatory evidence, a determination of whether the error "prejudiced" the petitioner will depend on the likelihood that discovery of the evidence would have led counsel to change his or her recommendation to plead no contest. See id. at 59. This assessment will depend in large part on a determination of whether the evidence likely would have changed the outcome of the trial. Id.; see, e.g., Lambert v. Blodgett, 393 F.3d 943, 983 (9th Cir. 2004) (finding no prejudice from counsel's alleged failure to investigate defense of fetal alcohol syndrome where there was little chance such defense would have succeeded).

Here, the California Court of Appeal found no indication in the record that the blood tests would have made any difference in the outcome of the trial. (Resp.'s Ex. C at 17.) Specifically, the Court of Appeal reasoned:

> There is scant indication on this record of any meritorious defense. In defendant's plea withdrawal motion, defendant does not even mention the existence of a possible defense. In defendant's Marsden motion, he declared that counsel's incompetence in waiting until the "last minute" to seek blood testing "deprived defendant of an opportunity to adjudicate a meritorious defense. . . ." Again, however, defendant does not describe or even suggest what that defense might be. Counsel's declaration in support of her motion to continue the trial includes these statements: "I will be unable to proceed with the court trial on the above date and time because several pieces of material evidence need to be blood typed before the defense can proceed.[¶] . . . [¶] . . . It is crucial that the defense have an opportunity to conduct blood typing of the clothing evidence and have the weapon and night stick tested for trace evidence." But those statements indicate only that counsel wished to undertake further investigation; they shed no light on what defense might have been interposed at trial. Nor was any defense theory put forth in oral discussions at any of the hearings below. In short, nothing in the evidentiary record discloses or even suggests a viable defense.
> In sum, then, even if defendant had successfully demonstrated trial counsel's deficient performance, he has failed to establish prejudice.

Resp.'s Ex. C at 16-17.[2]

In the instant petition, petitioner again fails to identify any defense that could have been raised at trial, let alone one that would have been aided by the blood-test evidence.

---

[2] The trial court likewise found petitioner was not prejudiced by the absence of blood-test results, stating, albeit without further elaboration, that he could not see "how the evidence would be exculpatory anyway . . . it would be incriminatory." (RT at 8.)

Petitioner has the burden of establishing a reasonable probability that he would have received a more favorable outcome but for counsel's asserted failings. See Young v. Runnels, 435 F.3d 1038, 1043-44 (9th Cir. 2006). Petitioner does not contend, for example, nor is there any indication in the record, that Officer Allen was stabbed by someone other than himself, or that testing of the physical evidence might reveal the blood of anyone other than Officer Allen. Petitioner's sole contention with respect to the usefulness of the blood-testing is that it "would have established that petitioner's blood was not found on the victim." (Pet'n at 17.) Petitioner does not point to any evidence, however, and nothing in the record indicates, that Officer Allen's attacker also was cut during the incident. In the absence of any such indication, the absence of petitioner's blood on the physical evidence has no exculpatory value.

      Moreover, the record indicates the evidence at trial would have weighed heavily against petitioner. Seven correctional officers were to be called to testify for the prosecution. (RT at 7.) Importantly, as Officer Allen survived the attack, he was in a position to testify in detail as to how it was committed. Specifically, the record indicates that during the struggle with his attacker, Officer Allen managed to turn to defend himself and saw petitioner holding the weapon. (RT at 1259; CT at 48.) Further, if petitioner were to have testified on his own behalf, he could have been impeached with his prior conviction for second-degree murder; petitioner does not identify any other witness whose testimony he could have presented. Indeed, petitioner's counsel, when asked by another judge about the earlier ruling on the continuance, noted the first judge had denied the motion to continue because of the "overwhelming amount of other corroborative evidence in this case." (RT at 510.) Under these circumstances, petitioner has not demonstrated there exists a reasonable probability that the blood-test results, even if such results showed petitioner's blood was not on the physical evidence, would have led reasonable counsel to change the recommendation to plead no contest or otherwise would have "changed the outcome of the trial." See Hill, 474 U.S. at 59.

      Accordingly, petitioner is not entitled to habeas relief on his second claim.

### 3. Conflict of Interest

In his third claim, petitioner contends he received ineffective assistance of counsel, in violation of his Sixth Amendment rights, because of an "actual conflict of interest" between him and Allan. (Pet'n at 19.) Specifically, petitioner contends a "conflict" arose in connection with his motion to withdraw his no contest plea because Allan's earlier failure to obtain blood testing of the physical evidence formed the basis for the motion to withdraw. The California Court of Appeal held that Allan's representation of petitioner at the motion to withdraw the plea did not amount to a "conflict of interest." (Resp.'s Ex. C at 13-15.) The Court of Appeal went on to discuss prejudice, first holding the alleged conflict was not one from which prejudice would be presumed pursuant to Cuyler v. Sullivan, 446 U.S. 335, 348 (1980), and then finding petitioner was not prejudiced by Allan's representation at the motion to withdraw. (Id. at 16-17.)

To establish a violation of the Sixth Amendment based on ineffective assistance of counsel, a petitioner ordinarily must show both that counsel's performance was deficient and that it was prejudicial. Strickland v. Washington, 466 U.S. at 685-86. In Sullivan and other decisions, the Supreme Court created "an exception" to this "general rule" where the petitioner can show "an actual conflict of interest adversely affected his lawyer's performance"; in such circumstances prejudice is presumed. See Mickens v. Taylor, 535 U.S. 162, 166-72 (2002) (citing Holloway v. Arkansas, 435 U.S. 475, 484 (1978); Sullivan, 446 U.S. at 348-50; Wood v. Georgia, 450 U.S. 261, 272-73 (1981)). The Supreme Court "limited" this exception "to joint representation," however, and any extension of the exception "'outside of the joint representation context remain[s],'" as far as the jurisprudence of the Supreme Court is concerned, "'an open question.'" See Earp v. Ornoski, 431 F.3d 1158, 1184 (9th Cir. 2005) (quoting Mickens, 535 U.S. at 174-176); see also Sullivan, 446 U.S. at 346-48 (addressing conflict of interest based on counsel's joint representation of three defendants charged with murder).

Here, petitioner's third claim is foreclosed by the Ninth Circuit's recent decision in Earp v. Ornoski. In Earp, the petitioner claimed he had received ineffective assistance of

counsel because his intimate relationship with his attorney created an "actual conflict of interest." Id. at 1181-82. The Ninth Circuit observed that AEDPA restricts the source of habeas relief to "clearly established federal law," meaning the decisions of the United States Supreme Court, id. at 1182, and that although various circuit courts have found an "actual conflict of interest" in different contexts, those decisions do not control the AEDPA analysis, id. at 1183-84 (citing Mickens, 535 U.S. at 174-76). Consequently, the Ninth Circuit concluded, Supreme Court precedent limits "an actual conflict of interest" to the context of joint representation, id. at 1184 (citing Mickens, 535 U.S. at 174-76), and denied habeas relief, id. at 1185.[3]

In sum, the California Court of Appeal's finding that petitioner's earlier complaints about Allan's performance did not create a conflict of interest was neither contrary to nor an unreasonable application of clearly established federal law within the meaning of AEDPA. Accordingly, petitioner is not entitled to habeas relief on this claim.

    4.    <u>Trial Court's Inquiry Into Conflict and Failure to Substitute Counsel</u>

In his fourth claim, petitioner asserts the trial court denied him the right to counsel by failing, at the September 12, 2000 hearing on his motion to withdraw the no contest plea, to inquire into his purported conflict with Allan and to substitute new counsel for purposes of that motion. The record indicates that at the July 7, 2000 Marsden hearing,[4] the trial court conducted a substantial inquiry into whether there was a conflict necessitating substitution of new counsel in connection with the motion to withdraw, and found no such conflict existed. (RT at 502-15.) Petitioner asserts the trial court nonetheless should have continued this

---

[3] The Court further notes that circuit courts have found an attorney's representation of a defendant on a motion based on that attorney's asserted incompetence does not in and of itself create an "actual conflict of interest." See United States v. White, 174 F.3d 290, 296 (2d Cir. 1999) (finding no conflict where counsel represented defendant on motions to substitute and for adjournment, which motions were based on counsel's alleged ineffectiveness); Jackson v. Ylst, 921 F.2d 887-88 (9th Cir. 1990) (holding, in habeas case, new counsel need not be substituted in motion for new trial simply because motion is based on allegations of such attorney's incompetence at trial); compare United States v. Del Muro, 87 F.3d 1078, 1080 & n.3 (9th Cir. 1996) (holding, on direct appeal, conflict arose when trial court required counsel to represent defendant at evidentiary hearing on motion for new trial based in part on his own ineffectiveness; distinguishing Jackson as habeas case).

[4] As noted, petitioner entered his no contest plea on May 1, 2000.

9

1  inquiry further at the September 12 hearing on the motion to withdraw the plea.

2  The instant claim raises essentially the same challenge to the no contest plea as petitioner's second claim and the same "conflict" as alleged in his third claim. Petitioner again relies on his argument that Allan, in not conducting the blood tests, provided ineffective assistance in advising him to plead no contest, and further asserts that new counsel should have been substituted to make that argument. As discussed in connection with petitioner's second claim, however, petitioner was not prejudiced by Allan's having advised him to plead no contest,[5] and the asserted conflict is not cognizable on habeas review.

Accordingly, petitioner is not entitled to habeas relief on this claim.

## CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus is hereby DENIED.

Any pending motions are hereby terminated.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: October 18, 2006

MAXINE M. CHESNEY
United States District Judge

---

[5] Petitioner cites Holloway v. Arkansas, 435 U.S. at 484, for the proposition that the failure to conduct an inquiry into his purported conflict requires habeas relief without a showing of prejudice. For the reasons discussed above in connection with petitioner's third claim, such presumption of prejudice is limited to instances in which counsel has engaged in joint representation. See Mickens, 535 U.S. at 174-76; Earp, 431 F.3d at 1184.